IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MAURA KIEY**,<br><br>        Plaintiff,<br><br>        v.<br><br>**YARD HOUSE PORTLAND, LLC, and PIONEER PLACE, LLC, doing business as PIONEER PLACE**,<br><br>        Defendants. | Case No. 3:16-cv-0548-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

        This matter arises out of a personal injury suit filed by Plaintiff, Maura Kiey, on February 29, 2016, in the Circuit Court of the State of Oregon for the County of Multnomah ("Multnomah County Circuit Court"). Plaintiff sued Defendants Yard House Portland, LLC and Pioneer Place, LLC. On March 30, 2016, non-party Yard House USA, Inc. filed a Notice of Removal, purporting to remove the case to this Court under 28 U.S.C. §§ 1441 and 1446. Yard House USA, Inc. asserts diversity jurisdiction under 28 U.S.C. § 1332 as the basis for this Court's subject-matter jurisdiction.

PAGE 1 – OPINION AND ORDER

Before the Court is Plaintiff's motion to remand the case back to the Multnomah County Circuit Court and for attorney' fees. Dkt. 11. Plaintiff asserts that the Notice of Removal is defective for two independent reasons. First, Plaintiff argues, the Notice of Removal was filed by a non-party, but only a defendant may remove a case to federal court. Second, the Notice of Removal fails affirmatively to allege the citizenship of all parties. The Court agrees. Plaintiff's motion to remand is GRANTED and this case is remanded back to Multnomah County Circuit Court. Plaintiff's motion for attorney's fees is DENIED.

## DISCUSSION

### A. Standards

A defendant, or defendants, may remove a civil action from state court to federal court only if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction to apply, however, there must be complete diversity among the parties, and, as a general rule, if one or more plaintiffs are citizens of the same state as one or more defendants, federal diversity jurisdiction will be lacking. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A corporation is a citizen of any state where it is incorporated or has its principal place of business, *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010), and an LLC is a citizen of every state in which its owners or members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

The procedural requirements for removal are set forth in 28 U.S.C. § 1446(b), which provides in relevant part:

PAGE 2 – OPINION AND ORDER

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b)(1). The procedural as well as substantive limits on federal jurisdiction, "whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447). The removal statute is strictly construed, and the court resolves any doubt in favor of remand. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). There is a "strong presumption" against removal jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Further, the party seeking removal bears the burden of establishing that removal is proper. *Moore-Thomas*, 553 F.3d at 1244.

## B. Analysis

### 1. Proper party

Under 28 U.S.C. § 1441(a), only a "defendant or defendants" may remove a case from state court to federal court. Here, the defendants are Yard House Portland, LLC ("Yard House Portland") and Pioneer Place, LLC ("Pioneer Place"). Yard House USA, Inc. ("Yard House USA"), however, is the entity that filed the Notice of Removal and purports to remove this case. Yard House USA simply asserts that Plaintiff "improperly named" Yard House Portland, LLC as the defendant and that the "correct" entity is Yard House USA. Dkt. 1 at 3; *see also* Dkt. 1 at 1 (noting that "defendant Yard House USA, Inc. (improperly plead [sic] as Yard House Portland LLC) . . . hereby removes this action . . . ."). Yard House USA, however, does not explain why it

PAGE 3 – OPINION AND ORDER

was improper for Plaintiff to name Yard House Portland as a defendant or that Plaintiff consents to the substitution of Yard House USA for Yard House Portland.

Yard House Portland is an active LLC registered to do business in the state of Oregon. *See* Oregon Secretary of State Corporation Division Business Registry for Yard House Portland, *available at* http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.login (last visited June 1, 2006). Yard House USA asserts that it is the sole member of Yard House Portland, but does not offer any explanation or authority for the proposition that a plaintiff must file suit against the sole member of an LLC, rather than against the LLC itself.[1]

This is not a case where a plaintiff has misidentified the name of an entity and the actual entity merely corrects the misidentification. In this case, both Yard House Portland and Yard House USA are separate and active legal entities that are both registered to do business Oregon.[2] Yard House USA offers no authority for the proposition that it may unilaterally insert itself as a defendant without consent of Plaintiff or without demonstrating that Yard House USA is the real party in interest or moving for joinder as an indispensable party.

In response to Plaintiff's motion to remand noting that Yard House USA is not a defendant in the case, Yard House USA again states in a conclusory fashion that it "is the proper party to this action" and that it "made that clear in the Notice [of Removal]"). Dkt. 14 at 2. The Court disagrees that Yard House USA has demonstrated that it is the proper defendant—Yard House USA has provided no argument, evidence, or authority supporting its assertion. Nor has

---

[1] Notably, Defendant Pioneer Place, who is represented by the same counsel as Defendant Yard House Portland, asserts that Pioneer Place is an indirect wholly-owned subsidiary of General Growth Properties, Inc., but does not similarly assert that General Growth Properties, Inc. is the "correct" defendant.

[2] *See* Oregon Secretary of State Corporation Division Business Registry for Yard House USA, *available at* http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.login (last visited June 1, 2006.

PAGE 4 – OPINION AND ORDER

Yard House USA indicated that Plaintiff agrees with this assertion and consents to the substitution of parties.

Yard House USA also responds that, notwithstanding that it is the correct party, "the case cannot be remanded for failure of a party to remove." *Id.* Yard House USA, however, offers no authority or argument supporting this assertion. To the contrary, 28 U.S.C. § 1441(a) provides that only a "defendant or defendants" may remove, and thus it is improper for Yard House USA, who is not a defendant in this case, to remove this case to federal court. Because the removal was defective and the motion to remand was timely, remand is appropriate. 28 U.S.C. § 1447(c).

**2. Citizenship**

Even if Yard House USA were a proper party to remove this case, its removal would still be defective because the Notice of Removal and subsequent filings in this Court fail properly to identify the citizenship of all Defendants so that the Court can assess whether complete diversity exists.[3] Yard House USA asserts, and provides evidence, that Plaintiff is a citizen of Pennsylvania. Plaintiff does not dispute this fact. Thus, no Defendant may be a citizen of Pennsylvania, or there will not be complete diversity. Both Defendants are LLCs, and thus they are citizens of all states in which their owners or members are citizens. Yard House USA asserts that it is a citizen of Delaware (where it is incorporated) and California (where it has its principal place of business). It also asserts that it is the sole member of Yard House Portland. Thus, Yard House Portland is a citizen of Delaware and California, and is diverse to Plaintiff.

Yard House USA does not, however, identify where Defendant Pioneer Place is a citizen. Yard House USA identifies only the citizenship of Pioneer Place's "indirect" owner (and states

---

[3] The proper identification of the citizenship of all defendants also is necessary so that the plaintiff and the court can determine whether the "home-forum defendant" rule applies, which would preclude removal of any otherwise diverse case. *See* 28 U.S.C. § 1441(b)(2).

PAGE 5 – OPINION AND ORDER

that it "does not have information or belief that any Pioneer Place LLC members are citizens of Pennsylvania."). Dkt. 14 at 4. This level of generality is insufficient to meet the burden of the removing party to identify the citizenship of all defendants. *See Robertson v. GMAC Mortgage, LLC*, --- F. App'x ---, 2016 WL 145827, at *2 (9th Cir. Jan. 5, 2016) ("Given defendants-appellees' burden to establish complete diversity, LSI must allege its actual citizenship, not vague assurances that it is not a citizen of Washington or Oregon. Absent specific allegations, we have no way of knowing whether LSI is a citizen of Oregon (and therefore non-diverse) or a citizen of Washington (and therefore a home-forum defendant)." (internal citation omitted)); *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (holding that "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" and concluding that "[s]ince the party asserting diversity jurisdiction bears the burden of proof, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction" (internal citation omitted)); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership. Because [defendant] failed to do so, it failed to carry its burden of establishing diversity of citizenship.").

The only evidence before the Court is that Pioneer Place is an "indirect" wholly owned subsidiary of General Growth Properties, Inc., *see* Dkt. 8 (Pioneer Place's Corporate Disclosure Statement),[4] which Yard House USA asserts is a citizen of Delaware and Illinois. This is

---

[4] The Court notes that Pioneer Place's Corporate Disclosure Statement fails to comply with this District's Local Rule 7.1, which requires an LLC to disclose every state in which its owners and members are citizens, and if any owner or member is an LLC, to list every state in

PAGE 6 – OPINION AND ORDER

insufficient to identify Pioneer Place's citizenship, because it is unknown who is or are Pioneer Place's *direct* owner(s), and that entity's (or entities') citizenship, or who is or are Pioneer Place's member(s), and its or their states of citizenship. Yard House USA offers no argument or evidence that "unusual circumstances" exist here such that it could not identify Pioneer Place's citizenship, and the Court finds none, particularly in light of the fact that the same counsel represents both Yard House USA and Pioneer Place. Accordingly, even if Yard House USA were the proper party to remove this case, it has failed to carry its burden to demonstrate diversity of citizenship.

### 3. Attorney's fees

Plaintiff seeks her attorney's fees required to litigate the motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "A court may award attorney fees when removal is wrong as a matter of law." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 864 (9th Cir. 2003). Whether to award attorney's fees is at the discretion of the district court. *Id.* There is no presumption for or against awarding attorney's fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005) (noting that "just as there is no basis for supposing Congress meant to tilt the exercise of discretion in *favor* of fee awards under § 1447(c) . . . so too there is no basis here for a strong bias *against* fee awards . . . .") (emphasis in original). The Supreme Court has described how a court should consider whether to award fees as follows:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford

---

which that LLC's owners and members are citizens, until all LLCs in the chain are exhausted. Pioneer Place's Corporate Disclosure Statement fails to disclose information regarding its members and fails to disclose its direct ownership.

PAGE 7 – OPINION AND ORDER

>defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
>In light of these "large objectives," the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Id.* at 140-41 (internal citation omitted).

Here, although the Court finds the removal to be defective, the Court does not find that an award of attorney's fees is either necessary or appropriate in this case. Although Yard House USA failed to demonstrate why it was an appropriate party to remove the case and failed properly to assert diversity jurisdiction, it does not appear that removal was done to prolong litigation or impose additional costs on Plaintiff. Additionally, there may well be diversity of citizenship, despite the failure of Yard House USA properly to assert it. Accordingly, the Court exercises its discretion and denies Plaintiff's motion for attorney's fees.

## CONCLUSION

Plaintiff's motion to remand (Dkt. 11) is GRANTED. This case is REMANDED to the Multnomah County Circuit Court. Plaintiff's motion for attorney's fees is DENIED.

**IT IS SO ORDERED.**

DATED this 1st day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 8 – OPINION AND ORDER